FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

In re:

AYANNA SPIKES,    Case No. 23-21965

             Debtor.

AYANNA SPIKES,    Adv. Pro. 23-02111
             Plaintiff,
v.

QUALITY LOAN SERVICE
CORPORATION, BRECKENRIDGE
PROPERTY FUND 2016, LLC.,
SHELLPOINT MORTGAGE SERVICING,
ISN CORPORATION,
             Defendants.

**MEMORANDUM ON MOTION TO DISMISS**

    This Motion to Dismiss tests compliance with foreclosure post-sale finality rules mandated by new California Civil Code § 2924m — "Conditions for sale to be deemed final; Procedures in the event sale not final" — which affords prospective owner-occupants of foreclosed property of four or fewer residential units up to 45 days to match the winning bid at the sale.

    Noncompliance with the notice regime blocks finality indefinitely and leaves title with the trustor. Cal. Civ. Code § 2924m(f). Moreover, § 2924m(h) preempts the 21-day relation-back rule of § 2924h(c) for Trustee Deeds Upon Sale. Cal. Civ. Code § 2924m(h).

    Judge Lastreto, focusing on another § 2924m issue, observed "My, how things change." In re Hager, 651 B.R. 873, 878 (Bankr. E.D. Cal. 2023). How right he was.

Procedure

Rule 12 Motions to Dismiss are assessed with allegations in the complaint accepted as true and facts viewed in the light most favorable to the non-moving party. Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012(b); Blyler v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1189 (9th Cir. 2001).

The movant has the burden of persuasion that no cognizable claim for relief exists. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2019).

Facts

Plaintiff Ayanna Spikes is trustor on a Note and Deed of Trust on her home, 7036 Cantel Way, North Highlands, California.

Defendant Shellpoint Mortgage Servicing, as loan servicer, caused Defendant Quality Loan Service Corp. as foreclosing trustee to conduct a trustee's sale under the power of sale in the Deed of Trust on June 15, 2023, at 2:00 p.m., at which time the amount owing was $340,534.63.

Defendant Breckenridge Property Fund 2016, LLC, the movant on this Motion to Dismiss, purchased the property for $320,000.00 and received an assignment of the Note and Deed of Trust from Residential Funding Corporation.

Plaintiff, without legal representation, filed a chapter 13 case about one hour <u>after</u> the foreclosure sale.

The Trustee's Deed Upon Sale was recorded July 6, 2023, in reliance on the 21-day "relation-back" provision of § 2924h(c).

Plaintiff contends the fair market value of the property on June 15, 2023, was greater than $340,534.63.

1　　　　Defendant Breckenridge moved on August 1, 2023, for relief
2　from the automatic stay to pursue unlawful detainer proceedings.
3　Hearing was set for September 12, 2023.
4　　　　The stay relief motion papers and declarations in support
5　made no mention of § 2924m and did not mention any notice posted
6　on the internet as required by § 2924m(e).
7　　　　There being no timely opposition before the hearing as
8　required by Local Bankruptcy Rule 9014-1(f)(1), this Court
9　accepted well-pleaded facts as true and granted the motion but
10　declined to waive the stay of enforcement prescribed by Rule
11　4001(a)(3) because there had been no showing of cause for waiver.
12　　　　The self-represented Plaintiff converted her chapter 13 case
13　to chapter 7 on September 12, 2023.
14　　　　Plaintiff's counsel, who was not retained until December 10,
15　2023, contacted Breckenridge's stay relief counsel to discuss the
16　implications of § 2924m, which had become effective January 1,
17　2021. He unsuccessfully requested reversal of the foreclosure.
18　　　　This three-count adversary proceeding was filed December 28,
19　2023, alleging violation of the automatic stay, requesting
20　damages, and seeking a declaration of the extent and validity of
21　the underlying lien.
22　　　　When the Motion to Dismiss was made in this adversary
23　proceeding by Breckenridge Property Fund 2016, LLC, this Court
24　required Defendants to produce evidence that they actually had
25　complied with the pertinent notice requirements imposed by
26　§ 2924m(e). The response includes a template cover sheet from a
27　Quality Loan Service File Search and a printout of an XML file.
28　(Dkts. # 28 & 44).

## Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1334(a) and (b). This is a core proceeding a bankruptcy judge may hear and determine.

## Issues

The controlling issue is whether there was correct post-sale notice of the foreclosure in the manner and form prescribed by § 2924m(e) when the winning bidder, as here, is not a prospective owner-occupant under California Civil Code § 2924m(c)(1).

The declaration supporting the Trustee's Deed Upon Sale avers that all requirements were satisfied – if that declaration was not true because the notice was not made or was defective, then the sale would be void and the Trustee's Deed invalid.

## The Complaint

The Complaint contains three counts premised on the consequences of the lack of finality under § 2924m.

Count One seeks a determination that the recording of the Trustee's Deed Upon Sale on July 6, 2023, violated the § 362 automatic stay because title still reposed in the Debtor pursuant to § 2924m(f).

Count Two seeks a declaration that the title conveyed by Shellpoint through Quality to Breckenridge by way of the Trustee's Deed Upon Sale is void as a matter of law.

Count Three seeks damages under § 362(k) on a theory of willful violation of the automatic stay.

Discussion

Civil Code § 2924m is no model of draftsmanship. Unintended consequences lurk in the corners.

It is at least an irony, if not an unintended consequence, that the § 2924m modification of finality rules winds up enabling the owner of a property in foreclosure to exploit inept execution of intricate finality procedures by way of a bankruptcy filing and potentially to rescue the property from foreclosure because implementation of the finality rules was defective.

I

California Foreclosure Regime for Four or Fewer Residenal Units

A. Notice Requirements

1. 2012 Regime

Since 2012, special notice requirements have applied to exercise of powers of sale under deeds of trust on one to four "single-family residences." Cal. Civ. Code § 2924f(b)(8)(A).

Trustees or authorized agents are required to create a telephone number to provide recorded information on applicable properties 24 hours per day, seven days per week at no cost to persons who wish such information. Cal. Civ. Code § 2924f(b)(8)(E).

The two notices prescribed beginning in 2012 are "Notice to Potential Bidders" and "Notice to Property Owner." Cal. Civ. Code § 2924f(b)(8)(A).

In addition, the 2012 regime imposed a duty to make a good faith effort to provide up-to-date information regarding sale dates and postponements at no charge by way of telephone

recording. Cal. Civ. Code § 2924f(b)(8)(B).

The required notices do not create substantive rights or obligations for any person providing or specified in them. Cal. Civ. Code § 2924f(b)(8)(C).

Finally, "Failure to comply with subparagraph (A) or (B) shall not invalidate any sale that would otherwise be valid under Section 2924f." Cal. Civ. Code § 2924f(b)(8)(C).

### 2. 2020 § 2924m Regime

The enactment in 2020 of § 2924m, effective only from January 1, 2021, to January 1, 2031,[1] created a post-sale opportunity up to 45-days for "prospective owner-occupants" of the subject property to match the highest and best bid at the auction. Cal. Civ. Code § 2924m.

By modifying the rules for finality of a foreclosure sale the California Legislature intended to afford an opportunity for prospective owner-occupants to have, in effect, a right of first refusal in the nature of contingent overbid rights following a trustee's sale.

The stated policy purpose of these contingent overbid rights is to promote owner-occupancy of residences that otherwise would become rentals. It was enacted as a ten-year interim statute effective only until January 1, 2031. Cal Civ. Code § 2924m(m).

Instead of applying to real property of one to four "single-family residences," the § 2924m regime applies to one to four

---

[1] Section 2924m(m): This section shall remain in effect only until January 1, 2031, and as of that date is repealed, unless a later enacted statute that is enacted before January 1, 2031, deletes or extends that date. Cal. Civ. Code § 2924m(m).

6

"residential units." Compare Cal. Civ. Code § 2924f(b)(8)(A), with id. § 2924m(c).

The title of § 2924m says it all: "Conditions for sale to be deemed final; Procedures in the event sale not final."

The term "deemed final" in § 2924m means the point in time when the foreclosure sale is considered completed and equitable title transfers from the mortgagor/trustor to the buyer. Thus, title in four or fewer residential units remains with the mortgagor/trustor until the sale is "deemed final" pursuant to § 2924m(c). Cal. Civ. Code § 2924m(f).

By modifying the rules for "deemed finality" of a foreclosure sale the California Legislature intended to afford an opportunity for prospective owner-occupants to have, in effect, a right of first refusal following a trustee's sale in the form of contingent overbid rights.

The sale is "deemed final" if a "prospective owner-occupant" is the "last and highest" bidder and timely performs the usual requirements under § 2924h for a sale to become final.

If, however, the "last and highest" bidder is not a "prospective owner-occupant," then the post-sale procedure is triggered.

The first step of the post-sale procedure after the trustee's sale of property, requires that within 48 hours the trustee or an authorized agent shall, for a period of not less than 45 days, post on the internet website set forth on the Notice of Sale with the file number assigned to the case, as required by § 2924f(b)(8), the following information:

    (A) The date on which the trustee's sale took place.
    (B) The amount of the last and highest bid at the trustee's

7

```
                sale.
        (C) An address at which the trustee can receive documents
                sent by United States mail and by a method of delivery
                providing for overnight delivery.
```
Cal. Civ. Code § 2924m(e)(1)-(4).

The sale does not become "deemed final" before 15 days after the sale. If within 15 days there are no bids or notices of intent to bid from eligible bidders, the sale is deemed final on the 15th day and, if the trustee's deed on sale is recorded by the 21st day, the sale will be deemed final and perfected as of 8:00 a.m. on the date of sale. Cal. Civ. Code § 2924h(c).

"Deemed finality" is deferred for up to 45 days if during the initial 15 days any eligible tenant buyer or prospective owner-occupant (or certain related entities) submits a bid or nonbinding written notice of intent to bid. Cal. Civ. Code § 2924m(c)(4)(B); Hager, 651 B.R. at 882.

As noted, title to the property remains with the mortgagor or trustor until the sale is "deemed final" as provided in § 2924m. Cal. Civ. Code § 2924m(f).

This procedure for finality prevails over any conflicting finality and perfection provisions in § 2924h. Cal. Civ. Code § 2924m(h).

II

The Plaintiff contends that the recording of the Trustee's Deed Upon Sale on July 6, 2023, following the June 15 trustee's sale offended the bankruptcy automatic stay.

The rationale is that without proof that the trustee made the internet posting required by § 2924m(e)(1), the sale cannot be "deemed final."

8

A

Four problems ensue when the § 2924m(e)(1) internet posting either is not made or is defective.

First, the trustee's declaration in support of the recording of the Trustee's Deed Upon Sale averring that all required procedures have been followed is false; conventional foreclosure law teaches that a false trustee declaration invalidates the ensuing trustee's deed.

Second, the recording of the Trustee's Deed Upon Sale during the pendency of a bankruptcy case violates the automatic stay and is void ab initio.

Third, the sale cannot be "deemed final" under § 2924m(e).

Fourth, without a "deemed final" sale, title remains in the trustor per § 2924m(h).

B

The outcome of this Motion to Dismiss by the purchaser Defendant Breckenridge Property Fund 2016, LLC, depends on the answer to the question whether Quality Loan Servicing correctly complied with the statutory post-sale notice requirements of § 2924m(e)(1) that are prerequisite to a sale becoming final.

If the compliance with the statutory information in the website was defective, then the sale has not become final because none of four alternative contingencies have occurred, with the consequence that title remained with the Debtor.

1

The terms of the statute provide:

```
            (1) Not later than 48 hours after the trustee's sale of
    property under Section 2924g, the trustee or an authorized
    agent shall post on the internet website set forth in the
    notice of sale, as required by paragraph (8) of subdivision
    (b) of Section 2924f, the following information:
                (A) The date on which the trustee's sale took
    place.
                (B) The amount of the last and highest bid at the
    trustee's sale.
                (C) An address at which the trustee can receive
    documents sent by United States mail and by a method of
    delivery providing for overnight delivery.
            (2) [Telephone recording omitted]
            (3) The information required to be provided under
    paragraphs (1) and (2) shall be made available using the
    file number assigned to the case that is set forth on the
    notice of sale as required by paragraph 8 of subdivision (b)
    of Section 2924f.
            (4) The information required to be provided under under
    paragraphs (1) and (2) shall be made available for a period
    of not less than 45 days after the sale of property under
    Section 2924g.
```

Cal. Civ. Code § 2924m(e)(1)-(4).

The target audience may be inferred from the provision that the purpose of the required website posting and telephone recording is to "provide information on applicable properties to persons who wish the information." Cal. Civ. Code § 2924f(b)(8)(E).

In context, the persons most likely to wish the information are prospective owner-occupants and eligible bidders.

2

The California Civil Code provisions dealing with transfers of real property are "to be liberally construed with a view to effect its objects and to promote justice." Cal. Civ. Code § 4; Blevins v. Palmer, 172 Cal. App. 2d 324, 327, 342 P.2d 356, 358 (1959); Hager, 651 B.R. at 880.

The California legislature provided a statement of its intent in enacting the 2924m regime in 2020:

10

```
            (a) For purposes of this section, it is the intent of
        the Legislature to do all of the following:
            (1) Allow for prospective owner-occupants and eligible
        bidders to have the first opportunity to purchase properties
        that have been acquired through the foreclosure process by
        an entity that annually forecloses on 175 or more
        residential real properties in California.
            (2) Promote owner occupancy by enacting legislation
        consistent with the provisions of the federal First Look
        program that provides owner occupants and affordable housing
        providers an opportunity for their offers to be considered
        on foreclosed properties prior to other offers.
            (3) Ensure that the requirements of this section are
        consistent with the original stated goals of the federal
        First Look program, which were to expand home ownership
        opportunities, strengthen neighborhoods and communities,
        while also providing that sellers are required to respond to
        offers received during the first look period before
        accepting or considering investor offers to purchase single-
        family homes.
```

Cal. Civ. Code § 2924p.

It is apparent that the internet posting is intended to be available to the general public and to persons who are interested in becoming owner-occupants, rather than real estate foreclosure portfolio investors who would not be owner-occupants.

It follows that the § 2924m(e) internet announcement needs to be in plain English and needs to be set forth in substantially the same format as stated in the statute.

3

This Court required the Defendants to produce a copy of the notice that had been posted on the internet to demonstrate actual compliance with § 2924m(e). As noted, the response from the Defendant purchaser Breckenridge Property Fund 2016, LLC includes a template cover sheet from a Quality Loan Service File Search and a printout of an XML file. (Dkts. # 28 & 44).

A review of the template and XML file does not demonstrate strict compliance with § 2924m(e).

1     If the purpose of the legislature was to reach out to
2 prospective owner-occupants, the information and its format does
3 not seem to be in the nature of reaching out.
4     There is no statement that there is a telephone number with
5 recorded information on applicable properties available 24 hours
6 per day, seven days per week at no cost to persons who wish such
7 information and what that number is. Cal. Civ. Code
8 § 2924f(b)(8)(B).
9     The language "the amount of the last and highest bid at the
10 trustee's sale was $_____" does not appear. Cal. Civ. Code
11 § 2924m(e)(1)(B).
12     There is not a statement of "an address at which the trustee
13 can receive documents sent by United States mail and by a method
14 of delivery providing for overnight delivery." Cal. Civ. Code
15 § 2924m(e)(1)(C).
16     The intent of the Legislature was to invite and encourage
17 prospective owner-occupants to participate in the post-auction
18 process when the highest and best bidder is not a prospective
19 owner-occupant.
20     It has not been demonstrated that Quality Loan Servicing
21 Corp., as foreclosing trustee, has embraced the concept. There is
22 nothing inviting about having to decipher XML files or
23 interpolating information to be able to discern compliance with
24 statutorily-mandated language. The internet template ignores the
25 line item format prescribed by the Legislature.
26     In view of the gravity of the trouble that results from
27 defective foreclosure procedure, one would expect trustees to
28 make and to preserve copies of the internet postings for all

sales that require the § 2924m(e) notice. If there is, as here, a challenge to the validity of a sale and a Trustee's Deed Upon Sale, it is important for the trustee to be able to prove compliance with § 2924m(e).

In this Motion to Dismiss, the Defendant purchaser Breckenridge Property Fund 2016, LLC, has not carried its burden to demonstrate that the foreclosing trustee actually complied with § 2924m(e). Perhaps more focused evidence will be presented at trial to demonstrate compliance.

This Court is mindful that the Plaintiff as trustor is a person disqualified from status as a prospective owner-occupant. Nevertheless, without proof of compliance with § 2924m(e) so as to enable the sale to be "final," the Plaintiff as trustor retains title to the property and is entitled to complain. Cal. Civ. Code 2924m(f).

Accordingly, the Motion to Dismiss this adversary proceeding is DENIED.

Dated: August 05, 2024

_____
United States Bankruptcy Judge

13