JaVonne M. Phillips, Esq. SBN 187474
Jennifer C. Wong, Esq. SBN 246725
**McCarthy & Holthus, LLP**
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Telephone: (877) 369-6122
Facsimile: (619) 685-4811

Attorneys for Defendant
Quality Loan Service Corporation

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Adversary Case No. 23-02111 |
| Ayanna Spikes, | ) BK Case No. 23-21965 |
| Debtor. | ) Chapter 7 |
| Ayanna Spikes, | ) DCN: JCW-1 |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF POINTS AND** |
| Quality Loan Service Corp., Breckenridge Property Fund 2016, LLC., Shellpoint Mortgage Servicing, ISN Corporation, et al., | ) **AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) Date: 01/22/2025 |
| | ) Time: 10:00AM |
| | ) Ctrm: 35, 6th Floor |
| | ) Place: 501 I Street, Sacramento CA |
| | ) *Judge: Honorable Christopher M. Klein* |

1

**MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Case No. 23-21965/File No. CA-24-177875

Defendant Quality Loan Service Corp. ("Quality" or "Defendant") hereby respectively submits the following Memorandum of Points and Authorities in Support of its Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

1. This action concerns residential real property containing one to four residential units commonly known located at 7036 Cantel Way, North Highlands, CA 95660 ("Subject Property"). The Property was previously owned by Plaintiff, Ayanna Spikes.

2. On July 29, 2019, Plaintiff secured a $285,729.00 loan in favor of United Wholesale Mortgage with the subject real property by way of the execution of a Deed of Trust recorded with the Sacramento County Recorder on July 30, 2019 as Instrument No. 201907301703. (Request for Judicial Notice ("RJN") Ex. A)

3. The 2019 Deed of Trust was assigned to NewRez, LLC D/B/A Shellpoint Mortgage Servicing on November 23, 2020 by MERS as nominal beneficiary for United Wholesale Mortgage. (RJN Ex. B.)

4. Quality was appointed as the successor trustee of the 2019 Deed of Trust on January 20, 2023 by NewRez, LLC d/b/a Shellpoint Mortgage Servicing. (RJN Ex. C.)

5. On February 14, 2023 Quality, as Trustee, recorded a Notice of Default and Election to Sell Under Deed of Trust based on an asserted monetary default of the secured loan that commenced on April 1, 2022. (RJN Ex. D.)

6. On May 17, 2023 Quality, as the duly appointed Trustee, recorded a Notice of Trustee's Sale with the Sacramento County Recorder as Instrument No. 202305170937. (RJN Ex. E.)

7. The Notice of Trustee's Sale set forth as follows:
   a. The date and time of sale is June 15, 2023 at 2:00PM;
   b. The address for the property to be sold was 7036 Cantel Way, North Highlands, CA 95660;
   c. Quality's assigned file number is TS NO: CA-22-943266-AB;
   d. Quality's mailing address was 2763 Camino Del Rio South, San Diego, CA 92108;
   e. The sale line phone number was 855-238-5118; and
   f. The internet website address for Quality was http://www.qualityloan.com.

2

**MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Case No. 23-21965/File No. CA-24-177875

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

8.    Quality maintains a website for each foreclosure sale conducted. The website if continuously updated as each foreclosure event occurs and progresses. The website is set up to routinely transmit the following information onto Quality's website.

        a.    Trustee
        b.    Mailing Address of Trustee
        c.    Date Notice of Default was recorded
        d.    Date Notice of Sale was recorded
        e.    Property Address of property sold
        f.    Scheduled Sale Date
        g.    Sale Time
        h.    Sale Location
        i.    Sale company/agent
        j.    Sale Company's phone number
        k.    Sold Date
        l.    Sold To
        m.    Winning Bid Amount

(Decl. of Michael Chipperfield, ¶¶5-7); (Decl. of Bounlet Louvan, ¶13)

9.    Upon the recordation of the Notice of Trustee's sale, the information listed in subsection (d) through (h) and (j) noted above is populated onto Quality's website and is readily available and accessible 24 hours a day, seven days a week at no cost to the public to view. (Decl. of Michael Chipperfield, ¶8); (Decl. of Bounlet Louvan, ¶14)

10.    Nationwide Posting & Publication ("NPP") conducted a foreclosure sale on behalf of Quality on June 15, 2023 at 2:22PM (Decl. of Bounlet Louvan, ¶16)

11.    On June 15, 2023 at 3:00PM, NPP electronically transmitted to Quality the results of the sale. (Decl. of Bounlet Louvan, ¶16); (Ex. F)

12.    This sales information was received by Quality and was instantaneously electronically posted to Quality's internet website of www.qualityloan.com. (Decl. of Bounlet Louvan, ¶17); (Decl. of Michael Chipperfield, ¶¶10-14)

13.    An inquiry of Quality's internet website at qualityloan.com after 3:00PM on June 15, 2023 on Trustee Sale Number CA-22-943266-AB would have shown substantially as follows:

///

///

///

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIOS, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811



(Decl. of Bounlet Louvan ¶¶20-21); (Decl. of Michael Chipperfield, ¶¶16-18); (Ex. G)

14. The information listed in paragraph 13 above was posted on Quality's internet website on June 15, 2023 at or around 3:00PM and was available at least 45 days following the sale date. (Decl. of Bounlet Louvan, ¶17); (Decl. of Michael Chipperfield, ¶¶16, 19)

15. On June 15, 2023 at 3:00PM, Plaintiff filed for bankruptcy protection.

16. The high bidder at the July 15, 2023 trustee's sale was not an a prospective owner occupant as defined in Cal. Civ. Code §2924m(a)(1). (Decl. of Bounlet Louvan ¶23)

17. A Notice of Intent to Bid, as required under California Civil Code Section 2924m, was not received by Quality on or before 5:00PM on June 30, 2023. (Decl. of Bounlet Louvan ¶24)

18. On July 3, 2023, Quality sent a signed Trustee's Deed Upon Sale in favor of Breckenridge Property Fund 2016, LLC to Rodolfo Garcia, as the representative for Breckenridge. (Decl. of Bounlet Louvan, ¶25)

19. On July 3, 2023 from the $320,00.00 received at the July 15, 2023 sale Quality sent $270,562.91 to NewRez, LLC d/b/a/ Shellpoint Mortgage Servicing to satisfy the underlying loan. The

**MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Case No. 23-21965/File No. CA-24-177875

surplus sale proceeds of $49,437.09 were directed by Quality to the law firm of McCarthy & Holthus, LLP for processing as required in California Civil Code § 2924j. (Decl. of Bounlet Louvan, ¶26)

20. On July 6, 2023 Breckenridge recorded the Trustee's Deed Upon Sale. (RJN Ex. J)

21. On December 28, 2023, Plaintiff was awarded the surplus funds of $45,845.25. (RJN Ex. K)

22. On December 28, 2023, Plaintiff filed the within adversary proceeding.

23. Breckenridge Property Fund 2016, LLC ("Breckenridge") filed a Motion to Dismiss on February 1, 2024. On August 5, 2024, the Court issued a Memorandum on the Motion to Dismiss (Dkt. 55) finding insufficient evidence was presented to show proof of compliance with Cal. Civ. Code §2924m(e). Without proof of strict compliance, the Court could not deem the sale to be "final" under Cal. Civ. Code §2924m(f) and thus the Motion to Dismiss was denied.

## II. LAW ON SUMMARY JUDGMENT

Federal Rules of Civil Procedure 56(c) provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 n.4 (1986) (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). A movant has the initial burden of establishing the absence of any genuine issue of material fact. Celotex, 477 U.S. at 322-23. A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted)

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Case No. 23-21965/File No. CA-24-177875

### III. ISSUES FOR RESOLUTION

The Court previously noted in its Memorandum on the Motion to Dismiss (Dkt. 44), "the controlling issue is whether there was a correct post-sale notice of foreclosure in the manner and form prescribed by Cal. Civ. Code §2924m(e) when the winning bidder, as here, is not a prospective owner-occupant under Cal. Civil Code §2924m(c)(1)." In re Spikes, 662 B.R. 704, 708 (Bankr. E.D. Cal. 2024). Absent proof of the Trustee's compliance with Cal. Civ. Code §2924m(e)(1), the trustee sale cannot be deemed final. Id at 710, 711.

### IV. ARGUMENT

#### A. Quality has Shown Compliance with Cal. Civ. Code Section 2924m(e)

Pursuant to the Court's Memorandum on the Motion to Dismiss, it appears the only remaining issue is whether Quality can show compliance with Cal. Civ. Code §2924m(e) to substantiate the foreclosure was final under Cal. Civ. Code §2924m(f).

Quality correctly complied with the statutory post-sale notice requirements of §2924m(e) that are a prerequisite to the sale becoming final. Support for this finding is supported by the declarations of Bounlet Louvan and Michael Chipperfield, their respective exhibits and Request for Judicial Notice that are filed in support of the instant Motion for Summary Judgment.

Cal. Civ. Code §2924m(e)(1)-(4) states the following:
"If the conditions set forth in paragraph (1) of subdivision (c) for a sale to be deemed final are not met, then:
  (1) Not later than 48 hours after the trustee's sale of property under Section 2924g, the trustee or an authorized agent shall post on the internet website set forth on the notice of sale, as required under paragraph (8) of subdivision (b) of Section 2924f, the following information:
    (A) The date on which the trustee's sale took place.
    (B) The amount of the last and highest bid at the trustee's sale.
    (C) An address at which the trustee can receive documents sent by United States mail and by a method of delivery providing for overnight delivery.
  (2) The information required to be posted on the internet website under paragraph (1) shall also be made available not later than 48 hours after the trustee's sale of property under Section 2924g by calling the telephone number set forth on the notice of sale as required under paragraph (8) of subdivision (b) of Section 2924f.
  (3) The information required to be provided under paragraphs (1) and (2) shall be made available using the file number assigned to the case that is set forth on the notice of sale as required under paragraph (8) of subdivision (b) of Section 2924f.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIOS. SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

(4) The information required to be provided under paragraphs (1) and (2) shall be made available for a period of not less than 45 days after the sale of property under Section 2924g."

Pursuant to Quality's business practices and procedures as confirmed by the system administrator for Quality's network, the website and the corresponding webpage for this sale was posted at the commencement of the foreclosure process, through the completion of the sale and remained available for at least 45 days following the sale. Mr. Louvan's and Mr. Chipperfield's declarations explained the progression of the website, the manner in which information is instantaneously and electronically transmitted to the website along with a screenshot of the webpage obtained on June 6, 2024.

After the foreclosure sale completes, the sales agent that conducted and completed the auction will electronically transmit the following information pertinent to Cal. Civ. Code §2924m(e)(1) to Quality:

a. Sale date and time
b. The amount of the last and highest bid at the trustee's sale.
c. Purchaser Name

See (Decl. of Bounlet Louvan, ¶15); see also (Supp. Decl. of Bounlet Louvan, ¶11-12, Dkt. 44)

Quality further produced a screenshot of the website as of June 6, 2024 which confirms exactly the information posted after the sale. (Decl. of Bounlet Louvan, ¶20-21) (See Exh. G).

1. Compliance with Cal. Civil Code §2924m(e)(1)(A)-(C).

    a. **Cal. Civil Code §2924m(e)(1)(A)**

The webpage includes the date at which the trustee's sale took place in accordance with the statute.

    b. **Cal. Civil Code §2924m(e)(1)(B)**

The webpage states $320,000.00 as the last and highest bid at the trustee's sale. The webpage may not have included the terms "last and highest bid" as the Court pointed out in its Memorandum. However, the statute does not expressly state the terminology "last and highest bid" must be utilized. A plain reading of the statute indicates "information" regarding last and highest bid be included. Quality's website uses the term "winning bid" which can be easily deduced to mean the same as last and highest bid. It follows the expectation that the information conveyed is in plain english and substantially in the

same format as the statute requires. It achieves the purpose of making it clear the winning bid was $320,000.00 to all owner-occupants interested in submitted a bid.

    c. **Cal. Civil Code §2924m(e)(1)(C)**

The argument is essentially the same for the posting of Quality's mailing address. The address posted on the website "2763 Camino Del Rio South, San Diego, CA 92108" which is clearly a physical address. Further, it is labeled on the website as "mailing address." The plain language of the statement calls for information regarding a qualified address in which trustee can receive mail or overnight delivery. Prospective owner-occupants have the information needed to send mail, including overnight mail to the address. It is also identified as a mailing address on the webpage which implies mail can be sent to this address. The posting of Quality's mailing address complies with the statute.

2. <u>Compliance with Cal. Civil Code §2924m(e)(2)</u>

As Quality maintains a 24/7 sales webpage on its website for the foreclosure files advanced in California from the commencement of foreclosure, it is not required to maintain a recorded sales line pursuant to Cal. Civil Code §2924f(b)(8)(B). There is no requirement to have a recorded sales line under Cal. Civil Code §2924f(b)(8)(B) and language regarding an availability of a sales line is not required to comply with Cal. Civil Code §2924m(e)(2). The language in §2924f(b)(8)(B) is an "or" clause. Nonetheless, Quality's website does contain a sales line and this line is available and posted upon the recordation of the Notice of Sale. (Decl. of Bounlet Louvan, ¶13); <u>see also</u> (Supp. Decl. of Bounlet Louvan, ¶14, Dkt. 44)

Cal. Civil Code §2924f(b)(8)(B) states the following:
> "A mortgagee, beneficiary, trustee, or authorized agent shall make a good faith effort to provide up-to-date information regarding sale dates and postponements to persons who wish this information. This information shall be made available free of charge. *It may be made available via an internet website, a telephone recording that is accessible 24 hours a day, seven days a week, **or** through any other means that allows 24 hours a day, seven days a week, no-cost access to updated information.* A disruption of any of these methods of providing sale date and postponement information to allow for reasonable maintenance or due to a service outage shall not be deemed to be a violation of the good faith standard." <u>*(emphasis added)*</u>

The statute contemplates 3 methods:
1) the information made available via a website
2) a telephone recording that is accessible 24 hours a day, seven days a week OR
3) any other means that allows 24 hours a day, seven days a week, no-cost access to updated information

Quality has complied with §2924f(b)(8)(B) by having a website available with updated information from the commencement of the foreclosure to at least 45 days following sale completion. The website is available 24 hours a day, seven days a week and is of no cost for the public to access. Based upon this, Quality has complied with one of the methods required under Cal. Civil Code §2924f(b)(8)(B) and therefore has demonstrated compliance with Cal. Civil Code §2924m(e)(2).

3. <u>Compliance with Cal. Civil Code §2924m(e)(3)</u>

A review of the webpage screenshot shows a file number assigned to the sale. This information is listed at the top of the webpage. The file number assigned to this sale is CA-22-943266-AB. The website allows parties to search for sales information under this file number. Quality has satisfied the requirements under Cal. Civil Code §2924m(e)(3).

4. <u>Compliance with Cal. Civil Code §2924m(e)(4).</u>

Lastly, the webpage is available and accessible for at least 45 days following sale completion as required under Cal. Civil Code §2924m(e)(4). (Decl. of Bounlet Louvan, ¶19); (Decl. of Michael Chipperfield, ¶15). Quality was able to pull a screenshot of the webpage on June 6, 2024 which demonstrates the webpage was posted for at least 45 days following the sale.

Quality has clearly demonstrated compliance with the §2924m(e). Quality's evidence undoubtedly shows Quality posted the necessary information as required by the statute and was posted timely in accordance with the statute. It is important to note that Plaintiff has not provided any evidence or plead any facts in her Complaint to show Quality failed to comply with Cal. Civil Code §2924m(e).

**B.　　Sale is final and perfected under Cal. Civil Code §2924m(c)(2)**

On January 1, 2021, California altered its non-judicial foreclosure process by enacting Cal. Civ. Code §2924m. Section 2924m(c) established holding periods following a foreclosure sale under various scenarios to allow the submission of additional bids which convoluted when a sale is determined to be "final" and whether relation back under §2924h(c) was applicable. A decision by the Hon. René Lastreto provides a detailed analysis regarding the application of the new foreclosure statutes. <u>In re Hager</u>, 651 B.R. 873 (Bankr. E.D. Cal. 2023).

However, the facts in this case are clearly distinguishable from the facts in <u>Hager</u> for one reason. Unlike <u>Hager</u>, there were no Notices of Intent to Bid (NOIB) submitted within the 15-day window. If no NOIBs were submitted within 15 days, the window closes and the sale is deemed final on the 15th day after sale, and a recorded trustee's deed will be deemed "final and perfected" as of 8:00am on the date the sale was conducted. <u>Hager</u> at 882. This analysis is consistent with Section 2924h(c) which states:

<u>"For the purposes of this subdivision, the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale, or the next business day following the 21st day if the county recorder in which the property is located is closed on the 21st day</u>. If an eligible bidder submits a written notice of intent to bid pursuant to paragraph (3) of subdivision (c) of Section 2924m, the trustee's sale shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 60 calendar days after the sale or the next business day following the 60th day if the county recorder in which the property is located is closed on the 60th day..." (underline added) Cal. Civ. Code §2924h(c).

The first sentence (underlined) is the relevant sentence for this analysis. It confirms that the Trustee's Sale is FINAL so long as the TDUS is recorded within 21 days of the sale. If so, it is deemed to have occurred at 8:00am on the day of the sale. Because no NOIB were submitted, no further holding periods went into place and the relation back provisions of Section 2924h(c) would be applicable. This is also consistent with <u>In re Hager</u> which points out that Section 2924h(c) would not apply if NOIBs were submitted within the 15 day window in which the 45 day window would go into play. <u>Hager</u> at 882.

Breckenridge recorded the Trustee's Deed Upon Sale within 21 days. The sale occurred on June 15, 2023. The Trustee's Deed Upon Sale was recorded on July 6, 2023 which is within 21 days following the sale. Thus, Section 2924h(c) dictates the sale is "final and perfected" as of 8:00am on the date the sale was conducted.

### C.     Plaintiff's Complaint Fails as a Matter of Law

There is no genuine issue of material fact for Plaintiff to assert a cause of action for which relief may be granted. Plaintiff's Complaint is primarily premised on violation of the automatic stay under 11 U.S.C. §362(a). Plaintiff calls into question the finality of the foreclosure sale pursuant to Cal. Civ. Code §2924m(c)(1) and thereby maintains all post foreclosure activities including the recordation of the Trustee's Deed upon Sale violated the automatic stay.

**MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Case No. 23-21965/File No. CA-24-177875

Quality's compliance with Cal. Civ. Code §2924m(e) deems the sale "final" under Cal. Civ. Code §2924m(f). No Notice of Intent to Bid, as required under Cal. Civ. Code §2924m, was received by Quality within the 15 days. Thus, the requirements under Cal. Civ. Code §2924m(c) are not applicable and Plaintiff's Complaint fails as a matter of law. Because the sale is final and perfected prior to the filing of the petition, all of Plaintiff's causes of actions fail because Plaintiff was no longer the owner of the property at the time the bankruptcy was filed and therefore, no stay violation occurred. There is no cognizable claim for relief against Quality. Quality respectfully requests that this Court find Quality is entitled to judgment as a matter of law and grant summary judgment.

Dated: November 26, 2024

Respectfully submitted,
**McCarthy & Holthus, LLP**

By: /s/ Jennifer C. Wong
Jennifer C. Wong, Esq.
Attorney for Defendant
Quality Loan Service Corporation