**3**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiff
Ayanna Spikes

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO:  23-21965 |
| Ayanna Spikes | ADV. NO:  23-02111 |
| | Dckt. #SC-01 |
| _____ Debtor. _____/ | |
| Ayanna Spikes | DATE: January 22, 2025 |
| | TIME: 10:00 A.M. |
| Plaintiff, | DEPT: C, Courtroom 35 |
| v. | *HON. JUDGE KLEIN* |
| Quality Loan Service Corp., Breckenridge Property Fund. Shellpoint Mortgage Servicing, ISN Corporation, et al., | **PLAINTIFF'S OPPOSITION TO BRECKENRIDGE'S MOTION FOR SUMMARY JUDGMENT** |
| _____ Defendants. _____/ | |

        Plaintiff, Ayanna Spikes, hereby submits this Opposition to

Defendant's Motion for Summary Judgment, for reasons set forth

below which evidences that there are genuine triable disputes as to

material facts, and that if anyone is entitled to judgment as a

matter of law, it would be Plaintiff, as it was Defendant's failure

to adhere to the California Civil Code Section 2924m(e)(1) that

-1-

resulted in this adversary proceeding.

Even on the record as it stands, this case is replete with genuine issues of material facts that preclude entry of summary judgment. Under the Federal Rules of Civil Procedure, rule 56( C), a moving party may prevail on a motion for summary judgment only if it "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it "might affect the outcome" of a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The fact here, is that all evidence establishes that Defendants were not eligible bidders because they were corporate bidders. As corporate bidders, Defendant's failed to adhere to the new law requiring notice and opening up the bidding for 15 days before the sale can become finalized. This did not happen.

Moreover, all submitted evidence clearly states that the sale took place at the foreclosure sale and sold on that same day. There are no indication of a pending offer, pending bid, but rather it claims the property was sold on the foreclosure date and the notice postings reflected as much, thereby discouraging potential eligible bidders from placing a bid.

Finally, while it is true, that there is no affirmative duty for corporate bidder to list the house for the homeowner or advertise the property for eligible bids, to act in the exact opposition by discouraging eligible bidders is a violation of the law. That is, announcing to the public that the house sold on the day of the foreclosure sale runs counter to the legislative intent

of California Civil Code Section 2924m. This will be further analyzed in the Memorandum of Points and Authorities in support of

this opposition that is submitted with this motion.

Dated: December 31, 2024          Law Offices of Peter G. Macaluso

By:   */s/Peter G. Macaluso*
Peter G. Macaluso,
Attorney for Plaintiff

-3-

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................i-ii

TABLE OF AUTHORITIES.................................iii-iv

I.   STANDARD OF REVIEW........................................2

II.  MATERIAL ISSUES IN DISPUTE...............................2

     A. WHETHER DEFENDANTS, A CORPORATION,
     PROPERLY ADHERED TO THE POST=SALE NOTICE
     OF THE FORECLOSURE IN THE MANNER AND
     FORMS PRESCRIBED BY CAL. CIV. CODE
     §2924m(e) WHEN THE SALE WAS POSTED
     AS SOLD ON THE DATE OF THE FORECLOSURE
     SALE AND WAS IN FACT SOLD TO BRECKENRIDGE
     ON THAT SAME DAY.........................................2

     B. WHETHER THE FILING OF THE BANKRUPTCY
     PETITION BY THE HOMEOWNER ON THE DAY OF
     THE FORECLOSURE SALE AND BEFORE THE SALE
     WAS FINALIZED VOIDS ANY ATTEMPT TO FINALIZE
     OR PERFECT THE SALE POST-PETITION BECAUSE
     IT VIOLATES THE AUTOMATIC STAY..........................2

     C. WHETHER A HOMEOWNER WHO HOME WAS SUBJECTED
     TO A FORECLOSURE SALE WHO FILED BANKRUPTCY
     ON THAT SAME DAY, MAINTAINS EQUITABLE TITLE
     THAT BECOMES PROPERTY OF THE ESTATE SUBJECT
     TO BANKRUPTCY PROTECTION.................................3

     D. WHETHER DEFENDANT, BRECKENRIDGE PROPERTY
     FUND, 2016, LLC., IS A BONA FIDE PURCHASER..............3

II.  ARGUMENT.................................................3

     A. PURSUANT TO CALIFORNIA CIVIL CODE §2924m(e)(1),
     WHERE A CORPORATE BIDDER IS THE HIGHEST BIDDER
     AT A FORECLOSURES SALE, THE ACT OF POSTING
     NOTICE WITH THE FALSE CLAIM THAT THE SALE WAS
     FINAL ON THAT DAY IS A FAILURE TO PROPERLY
     ADHERE TO THE CONDITIONS SET-FORTH IN THE
     LAW TO FINALIZE A FORECLOSURE SALE......................2

-i-

B. UNDER *CALIFORNIA CIVIL CODE* §2924m(c)(2),
THE FORECLOSURE SALE IS VOID FOR VIOLATION OF
THE AUTOMATIC STAY...........................................5

C. PURSUANT TO CALIFORNIA CIVIL CODE
§2924m(f), EQUITABLE TITLE REMAINS WITH
THE PLAINTIFF AS THE MORTGAGOR, UNTIL THE
SALE IS FINALIZED, THEREFORE, IT IS PROTECTED
AS PART OF THE BANKRUPTCY ESTATE............................8

    1. The Traditional View - 11 U.S. Code § 549 ........8

    2. Historically, California Civil Code
    Section 2924h was amended in an attempt
    to deal with this problem of recording
    being void post-petition.............................9

    3. Modernly, California Civil Code §2924m(f)
    provides that title remains in the mortgagor
    or trustor until the sale is deemed final
    as provided in this section........................11

D. DEFENDANT CANNOT MEET THE BURDEN TO CLAIM
BONA FIDE PURCHASER STATUS.................................15

III. CONCLUSION...............................................16

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242, 248 (1986)......................................2

*Claremont Terrace 3 Homeowners' Assn. v. United States,*
    146 Cal. App. 3d 398, 194 Cal. Rptr.
    216 (1st Dist. 1983)......................................15

*First Fidelity Thrift & Loan Assn. v. Alliance Bank*
    60 Cal.App.4th 1433, 1442, 71 Cal.Rptr.2d 295.............15

*Gates Rubber Co. v. Ulman,*
    214 Cal.App.3d 356, 367, 262 Cal.Rptr. 630...............15

In re Bambeness-Wong,
    248 B.R. 820 (B.A.P. 9th Cir. 2000)...................12,13

*In re Engles*,
    193, B.R.23 (Banrk. S.D. Cal. 1996)...................11,13

*In re Garner,*
    208 B.R. (B.A.P. 9th Cir. (1997).....................9,11,13

*In re Hager*,
    651 B.R.873 (Bankr. E.D.Cal.2023).....................4,6,7

*In re Jewett,*
    146 B.R. 250 251-52 (9th Cir. BAP 1992)..................10

*In re Kroger,*
    88 BR. 238, 241 (BAP. 9th Cir. 1988).....................8

*In re Sanders*,
    198 BR. 328 (Bankr.S.D. Cal. 1996)....................8,10

*In re Stringer*,
    847 F. 2 549 (9th Cir. 1988).............................7

*In re Swartz*,
    954 F. 2d 569 (9th Cir. 1992)...........................10

*In re Walker*,
    861 F 2d 597 (9th Cir. 1988).........................9,13

*In re Williams*,
      124 B.R. 311 (Bankr.C.D.Cal 1991)........................9,13

**FEDERAL STATUTES**

11 U.S.C. Section 544(a)(3)....................................10

11 U.S.C. Code Section 549.................................9,14

11 U.S.C. Code Section 549( c)..................................9

11 U.S.C. 362(a)(3)............................................8

**STATE STATUTES**

*California Civil Code* §2924(C)(1)..............................3

*California Civil Code* §2924h.........................7,8,10,12,14

*California Civil Code* §2924m...........................3,6,7,8,15

California Civil Code §2924m(e)(1).......................2,3,5,14

*California Civil Code* §2924m(f).............................8,12

**RULES**

Fed R. Bankr. 7056............................................2

Fed.R.Civ.P.56(a)............................................2

**OTHER AUTHORITIES**

California Relations Back Doctrine...........................13

*Senate Bill 1079*............................................6

-iv-

**16**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiff
Ayanna Spikes

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO

IN THE MATTER OF

Ayanna Spikes

            Debtor. _____/

Ayanna Spikes

            Plaintiff,

v.

Quality Loan Service Corp.,
Breckenridge Property Fund.
Shellpoint Mortgage Servicing,
ISN Corporation, et al.,

            Defendants. _____/

CASE NO: 23-21965

ADV. NO: 23-02111
DCKT.NO: SC-01

DATE: January 22, 2025
TIME: 10:00 a.m.
DEPT: C - Courtroom 35

*HON. JUDGE CHRISTOPER KLEIN*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO BRECKRIDGE PROPERTY FUND, 2016, LLC. MOTION FOR SUMMARY JUDGMENT**

      Plaintiff, Ayanna Spikes, hereby submits this Memorandum of Points and Authorities in Opposition to Defendant, Breckenridge Properties Fund, 2016, LLC. (("Breckenridge") Motion for Summary Judgment, for reasons set forth below which evidences that there are genuine triable disputes as to material facts, and that if anyone is entitled to judgment as a matter of law, it would be

Plaintiff. It was Defendant's failure to adhere to the California Civil Code Section 2924m(e)(1) which caused Defendants to violate the automatic stay in any attempt to finalize and perfect the sale of Plaintiff's home. As a result, this caused Defendants to violate the automatic stay further when they knowingly and willfully removed and displaced Plaintiff from her home which resulted in this adversary proceeding.

**I.    STANDARD OF REVIEW**

A moving party is only entitled to summary judgement if it shows that there are no genuine disputes of material facts that exist....Fed R. Bankr.. 7056, Fed.R.Civ.P.56(a). A fact is only material if it might affect the outcome of the suit under governing law. A court deciding whether to grant a motion for summary judgment must view the facts in the light most favorable to the non-moving party, drawing any reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).

**II.   MATERIAL FACTS IN DISPUTE**

A. Whether Defendants, a corporation, properly adhered to the post-sale notice of foreclosure in the manner and form prescribed by California Civil Code §2924m(e) when the sale was posted as sold on the date of the foreclosure sale and actually was sold to a Defendant Breckenridge that same day.

B. Whether the filing of a bankruptcy petition by the homeowner on the day of the foreclosure sale and before the sale was finalized voids any attempt to finalize or perfect the sale, post-petition because it violates of the automatic stay.

//

1   C. Whether a Debtor whose home was subject to a foreclosure

2   sale who filed bankruptcy within a day, maintains equitable title

3   that becomes property of the estate and subject to bankruptcy

4   protections.

5   D. Whether Defendant, Breckenridge Property Fund, 2016, LLC,

6   a corporation that purchases foreclosure homes, qualified as a Bona

7   Fide Purchaser.

8   **III.  ARGUMENT**

9   **A.  PURSUANT TO *CALIFORNIA CIVIL CODE* §2924m(e)(1), WHERE A**

10  **CORPORATE BIDDER IS THE HIGHEST BIDDER AT A FORECLOSURES SALE, THE**

11  **ACT OF POSTING NOTICE WITH THE FALSE CLAIM THAT THE SALE WAS FINAL**

12  **ON THAT DAY IS A FAILURE TO PROPERLY ADHERE TO THE CONDITIONS SET-**

13  **FORTH IN THE LAW TO FINALIZE A FORECLOSURE SALE.**

14  Pursuant to California Civil Code §2924m(e)"[i]f conditions

15  set forth in paragraph (1) of subdivision ( c) requiring that the

16  purchaser must be an eligible bidder, that is one that intends to

17  be an owner-occupied buyer and not a corporate bidder in order for

18  a sale to be deemed final are not met, then there are conditions

19  that must be adhered to for a sale to become final for corporate

20  bidders such as Defendants.

21  Cal. Civ. Code §2924m(e) states that not later than 48 hours

22  of the trustee's sale, the foreclosing trustee must post facts on

23  the internet website set forth in the notice of sale: (1) the date

24  on which the foreclosure sale took place (2) the amount of the last

25  and highest bid at the sale; and (3) an address at which the

26  trustee can receive documents sent via U.S. mail and overnight

27  delivery. If no bids or notices of intent to bid are received by

28

-3-

the foreclosure trustee by the 15th day, then the window for prospective eligible bidder under *Senate Bill 1079* closes." *In re Hager,* 651 B.R.873 (Bankr.E.D.Cal.2023). At this time, only after required notice posting is met does the sale become final on the 15th day after the non-judicial foreclosure sale*.* That is, provided the conditions of §2924m(e)(1)are met.

In this case, the property was sold to Breckenridge, a corporation at the foreclosure sale which requires that the conditions set-forth in California Civil Code §2924m(e) be met in order for the sale to become finalized. Defendants, the trustee and/or authorized agent, working in concert, failed to meet the requirements placed upon non-owner-occupants as set-forth by the most recent law. As such, while the notice of a final sale was posted within 48 hours of Breckenridge placing their bid, the Defendant's posting was merely a false claim that the sale was final on June 15, 2023, (See Defendant's Motion, Exhibit G, Dckt.76 and Exhibit F, Dckt. 76) which is the date of the foreclosure sale itself. This notice is deceptive at best and does not rise to the level of noticing eligible bidders of an opportunity to bid, but rather discourages it. In fact, in this pertinent evidence, the *transmittal date* of the posting relied upon by Defendants is from a Quality Loan Serving post on June 15, 2023, the day of the foreclosure sale. This language is explicit and clear in the post on their website of a "Sold Date" of 6/15/23, a "Winning Bid" of $320,000 and that there were no Intent to Bid received on that same day.(See Defendant's Motion to Dismiss, Dckt. #28 & 44).

As a result, no notice of the sale being open for bids were given to prospective eligible bidders and naturally, Breckenridge remained not only the highest bidder, but the only bidder. While Breckenridge is correct in their pleadings that no eligible bidders came forward, they fail to acknowledge the reason that this happened or provide any evidence to the contrary. Instead, they claim only that after the fifteen (15) day window closed and the deed was recorded and the sale finalized. This is simply untrue. Defendants, in unison, knowingly made a false claim that the sale was held and finalized on the day of the foreclosure sale and they successfully discouraged eligible bidders from placing a bid which was a failure to comply with the law. In fact, Breckenridge issued a check for $320,000.00 on the day of the foreclosure sale to purchase the home which is evidence that Defendants failed to comply with §2924m(e)(1) by opening up the opportunity to eligible bidders to buy the property. (Plaintiff's Initial Disclosures, Dckt. 70, Number 26; Receipt of funds from Breckenridge paid $320,000 on June 15, 2023).

On the contrary, Defendants are correct that there is no affirmative duty to open up bids or advertise or say more than is stated in the law. However, the law makes clear that this is a notice to eligible bidders and Defendant's express notice indicating there was a "winning bid" resulting in a final sale runs counter to the legislative intent of the law. More specifically, the defective notice did not comply with the conditions set-forth by Cal. Civ. Code §2924m, but, only served to gain financial advantage for the Defendants. As such, this is defective notice to

-5-

eligible bidders that failed to comply with §2924m and as a result, the foreclosure sale never finalized.

**B. UNDER *CALIFORNIA CIVIL CODE* §2924m(c)(2),THE FORECLOSURE SALE IS VOID FOR VIOLATION OF THE AUTOMATIC STAY.**

California Civil Code §2924m(c)now controls when a foreclosure sale is "deemed final." The term "deemed final" is referring to the point in time in which equitable title transfers from the mortgagor/homeowner to the buyer and the sale is considered completed, thereby leaving only the necessary formality of perfecting the deed by recording it. This new law is responsive the *California Senate Bill 1079* enacted to promote owner-occupant buyers, even offering tenant bidders the right of first refusal with the main goal being to prevent corporations from buying up single family residents in bulk. As a result, the bankruptcy courts process for cases under California Civil Code §2924h(c),which allowed the sale to be finalized at the point of the pre-petition foreclosure sale and the post-petition perfecting of the sale via California's Relation Back Doctrine is over.

In re Hager, establishes that Cal. Civ. Code §2924m prevails over Cal. Civ. Code §2924h as to when the sale is deemed final. The major difference between the two laws is that *Cal. Civ. Code* §2924h allowed for the finalization of a foreclosure sale to happen immediately upon the acceptance of the highest bid and the now controlling law, Cal. Civ. Code §2924m has specific conditions that are required before the foreclosure sale can be finalized where there is a corporate bidder. As discussed, this creates the

most significant distinction in that Cal. Civ. Code §2924m does not provide for California's Relations Back Doctrine to come into play and aid in finalizing a pre-petition foreclosure sale post-petition as will be discussed further below in relation to equitable title.

In contrast, Cal. Civ. Code §2924h, has allowed a trustee's deed to be recorded, thus perfected post-petition and relate back to the pre-petition sale under certain circumstances. This cannot happen with a finalization under Cal. Civ. Code §2924m because it would be relating back to a mere irrevocable bid/offer not yet accepted; in other words, an incomplete sale since finalization occurred pre-petition. This means that the perfection of a sale is possible by procedure alone, but ineffective because the foreclosure sale as it stands, is in violation of the automatic stay.

Additionally, because the notice and bidding process requires non-owner-occupant bidders to open up the possibility of extending the time allotted to finalize the sale, the foreclosure sale remains incomplete post-petition. As a result, this would make the pre-petition sale void under Cal. Civ. Code §2924m because "instead of the foreclosure sale being final at the drop of the auction hammer, now the sale is not final, and the trustee's deed not recordable, for weeks following the sale under fairly common circumstances" In re Hager. "By this time, Debtors had already filed for bankruptcy protection. The automatic stay was in effect, thus finalizing the sale on or after that date violates the stay. Any violation of the stay is void and without effect". *In re Sanders*, 198 BR. at 328 (citing In re Stringer, 847 F. 2 549 (9th

Cir. 1988); In re Schwartz, 954 F 2d (9th Cir. 1992); In re Kroger, 88 BR. 238, 241 (BAP. 9th Cir. 1988)). Therefore, under Cal. Civ. Code §2924m, the foreclosure sale is "void and without effect" for violating the automatic stay because it was not finalized pre-petition.

Finally, pursuant to 11 U.S.C. 362(a)(3), the foreclosure is void, of no effect, and the recordation of the trustee's deed cannot resuscitate the void sale by reliance on a state statute that would relate back to a time when it would not have been prohibited [under Cal. Civ. Code 2924h]. <u>Sanders</u>, 198 B.R. at 329. Because the sale became "final" under Cal. Civ. Code 2924m(c)(4) post-petition, it is void. Cal. Civ. Code 2924h, cannot be used to finalize an incomplete sale to a time before the automatic stay arose. As such, the foreclosure sale is void.

In conclusion, the foreclosure sale is not finalized, the foreclosure sale is not perfected, the foreclosure sale in violation of the automatic stay, therefore, the foreclosure sale is void ab intio.

**C. PURSUANT TO CALIFORNIA CIVIL CODE §2924m(f), EQUITABLE TITLE REMAINS WITH THE PLAINTIFF AS THE MORTGAGOR, UNTIL THE SALE IS FINALIZED, THEREFORE, IT IS PROTECTED AS PART OF THE BANKRUPTCY ESTATE.**

California Civil Code §2924m(f) provides that title remains in the mortgagor or trustor until the "sale is deemed final as provided in this section." In this case, Plaintiff filed bankruptcy on the day of the foreclosure sale. As such, there was no finalized sale and therefore, her equitable title became part of her

bankruptcy estate to be protected. This is significant as related to the body of case law relied up by the federal courts in its interpretation and application of California's foreclosure laws which over decades, can be broken down simply into three phases.

**1. The Traditional View - 11 U.S. Code § 549**

11 U.S. Code § 549 - Post-petition transactions (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate.

Prior to 1993, citing from In re Garner, 208 B.R. (B.A.P. 9th Cir. 1997), In re Walker, 861 F 2d 597 (9th Cir. 1988) a third party purchased real property in a non-judicial foreclosure sale conducted after bankruptcy petition had been filed. The debtor recorded a notice of the petition before the purchaser recorded a deed of sale. Based on section 549 (c), the Walker court held that because the notice of bankruptcy had recorded before the sale deed, the sale could be avoided. Id 861 F 2d at 600.

Moreover, in expanding on this reasoning and interpretation, In re Williams, 124 B.R. 311 (Bankr. C.D. Cal 1991) the foreclosure sale occurred before the bankrutpcy petition was filed. However, the debtor filed bankruptcy and recorded notice of the filing before the sale deed recorded. Because the notice of filing was recorded first, the recordation of the sale deed was avoidable under section 549 and the purchase was rendered unperfected. Under the then California law, as then in effect, the rights of the purchaser of the property for value whose property was unperfected would be void as against a subsequent bona fide purchaser of the property for value whose interest was perfected on the petition

date. 11 U.S.C. Section 544(a)(3) 124 B.R. at 314-15. See also <u>In re Jewett</u>, 146 B.R. 250 251-52 (9th Cir. BAP 1992).

Finally, these cases supported that a pre-petition sale and post-petition recording was avoidable under Section 549 and the sale was rendered unperfected where a Debtor seeks bankruptcy protection before the sale deed was recorded.

**2. Historically, California Civil Code Section 2924h was amended in an attempt to deal with this problem of recording being void post-petition.**

As amended in 1993, California Civil Code Section 2924h provides, in pertinent part, as follows:...the trustee sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8:00 a.m. on the actual date of sale if the trustee's deed is recorded with the fifteen calendar days after the sale.

Moreover, and to date, the amended statute has been construed in two reported bankruptcy cases: <u>In re Sanders</u>, 198 B.R. 326 (Bankr. S.D. Cal. 1996). Here, the bankruptcy petition was filed and the foreclosure sale conducted on the same day; the petition was filed first-at 9:06 a.m.. The sale deed was recorded the following day. The secured creditor contended that, because the deed was recorded within the fifteen days of the sale, pursuant to section 2924h, of the California Civil Code, perfection should be deemed to have occurred at 8:00 a.m. and thus, prior to the filing of the bankruptcy petition. The <u>Sanders</u> court rejected this contention, reasoning that the post-petition sale was void. See <u>In re Shwartz</u>, 954 F. 2 d 569 (9th Cir. 1992). An invalid sale could

-10-

not be rendered valid by a presumption imposed by state law as to when the perfection would be deemed to have occurred. 198 B.R. @ 328-29.

Additionally, the court relied on <u>In re Engles,</u> where the sale took place first at 11:02 a.m. The bankruptcy petition was filed four minutes later at 11:06 a.m. No notice of the bankruptcy was recorded. No sale deed was issued and thus none could be recorded. The foreclosure sale trustee refused to issue a deed after he learned of the bankruptcy filing for fear that it would violate the automatic state. Thus, at the time of the filing, the debtor held only bare legal title to the property. The purchaser contended that bare legal title was of no value to the estate. As a result, relief from the automatic stay should be granted so that the foreclosure sale could be perfected. The debtor, on the other hand, contended that, because the sale was not recorded within fifteen days of the sale, the sale should not be deemed final until the deed was perfected. <u>In re Engles,</u> 193, B.R. 23 (Bankr. S.D. Cal. 1996)

In their decision, the Engles court agreed with the purchaser and disagreed with the debtor. It rejected the debtor's contention that the sale was not final until perfected based on the plain language of the statute. The Engles court agreed with the purchasers that the estate held only bare legal title to the property and that this was of no substantial value.

Finally, <u>In re Garner</u> agreed with the Engles court that the plain language of section 2924h(c) provides that the sale is final when the highest and last bid is accepted. Thus, in this instant case, as in Engles, the foreclosure sale was final when the

petition was filed.  <u>In re Bambensee-Wong,</u> 248 B.R. 820 (B.A.P. 9th Cir. 2000) held that "it is clear that the relation back effect of California Civil Code Section 2924h operated to perfect the trustee's sale on the action date of the sale. Because this date preceded the debtor's petition, relief from the automatic stay was proper".

In conclusion, like Defendants, these cases of the past, relied on Section 2924h, which reasoned that the pre-petition sale was final at the non-judicial foreclosure sale, where a debtor files bankruptcy before the recording because the debtor holds only "bare legal title", but this is no longer the law.

**3. Modernly, California Civil Code §2924m(f) provides that title remains in the mortgagor or trustor until the sale is deemed final as provided in this section.**

California Civil Code Section 2924m(f) and (h) include the specific provisions which address the status of the title to the property pending the running of the applicable period for which a sale is statutorily deemed final stating:

> (f) Title to the property shall remain with the mortgagor or trustor until the property sale is deemed final as provided by the section.

> (h) This section shall prevail over any conflicting provisions of Section 2924(h).

Under California Civil Code §2924m, where a corporation is the highest bidder of the day, the sale is not finalized pre-petition. Instead, the law creates conditions. Yet, the conditions that trigger finalization where adequate posting occurs can only happen under state law alone absent a bankruptcy filing. Where there is

-12-

federal bankruptcy protection enacted by a debtor filing bankruptcy before the fifteen window occurs, the court should look to case law prior to code section 2924h because the new law explicitly addresses and changes everything under the new the law and based upon the legislative intent of the enactment.

Moreover, under California Civil Code Section 2924m, finalization of the sale is at most fifteen days after the bidding takes place at the non-judicial foreclosure sale. Where a debtor files bankruptcy before the fifteen window, the sale is avoidable under 549 (c) as was determined In re Walker, 861 F 2d 597 (9th Cir. 1988; In re Williams, 124 B.R. 311 (Bankr. C.D. Cal 1991); In re Jewett, 146 B.R. 250 251-52 (9th Cir. BAP 1992). As such, the reasoning the court relied upon as the reasoning for the old law in In re Engles, In re Garner and In re Bebensee-Wong as related to "bare legal title" held in a debtor's estate at the point of filing are distinguishable from the new law.

Additionally, the case law prior to Section 2924m courts reasoned that because the sale was final on the actual date of the non-judicial foreclosure sale in which a highest bidder prevailed, that the debtor had only bare legal title at the point of filing bankruptcy after the sale, thus recording was free to related back to the pre-petition sale. Under in Cal. Civ. Code §2924m, there is no relations back provisions applicable for obvious reasons.

*California's Relation Back Doctrine* is a judge-made law, a legal fiction so to speak, that enables a transaction or occurrence related to a complaint to overcome the statute of limitations by relating it back to the original complaint. In perfecting a sale

-13-

post-petition; where the sale is final pre-petition, the case requires only the formality of recording the trustee's deed. The federal bankruptcy court has determined that under Cal. Civ. Code §2924h, which is the applicable law related to perfecting a sale, that the deed *may* be recorded post-petition for a pre-petition foreclosure sale relating back to the original sale as long as it is recording within 21 days. On the contrary, the plain meaning of the language in the new law is clear and explicit where it relates to equitable title until a corporation adheres to the conditions set forth to finalize a sale. As such, the reasoning for allowing a recording to related back no longer exists.

In evaluating the plain meaning of this section the law makes a very clear and explicit claim as to who holds title to the property until a sale is final. This is because the sale is not final at the drop of a hammer on the sale date, but can only finalize for a corporate buyer after conditions are met. Where a bankruptcy petition is filed prior to these conditions being met, the sale is avoidable under Section 549 and void for violating of the automatic stay.

Moreover, in this instance the remedy should be that a creditor can move for a relief of stay after establishing compliance with §2924m(e)(1). This, while demonstrating that the debtor is acting in bad faith by filing bankruptcy and/or has no income, lack of insurance, lack of equity and cannot afford to retain their home where relief would likely be granted to proceed with the pre-petition foreclosure sale. This can be easily accomplished inside of a bankruptcy case and will allow for a capable debtor suffering

financial and even emotional hardships that may have caused their delay in filing to save their homes.

Finally, the distinction here is that Plaintiff brought her equitable title and home as part of the bankruptcy estate to be included under bankruptcy protection within a day of the foreclosure sale to a corporation. She does have income, insurance and ability to save her home. She is not acting in bad faith and has been subjected to the trauma and desperation of wrongfully losing her home to experienced corporate Defendants that are expertly skilled at acquiring foreclosures from unsophisticated debtors.

**D. DEFENDANT CANNOT MEET THE BURDEN TO CLAIM BONA FIDE PURCHASER STATUS.**

Claiming a bona fide purchaser status when there is an adverse interest requires proof that there was no notice of any kind that an adverse interest existed. "The general rule places the burden of proof upon a person claiming bona fide purchaser status to present evidence that he or she acquired interest in the property without notice of the prior interest." (*108 <u>Gates Rubber Co. v. Ulman</u> (1989) 214 Cal.App.3d 356, 367, fn. 6, 262 Cal.Rptr. 630; accord, <u>First Fidelity Thrift & Loan Assn. v. Alliance Bank</u> *(1998) 60 Cal.App.4th 1433, 1442, 71 Cal.Rptr.2d 295.) "The subsequent purchaser or encumberer has the burden of showing lack of notice." <u>Claremont Terrace 3 Homeowners' Assn. v. United States</u>*, 146 Cal. App. 3d 398, 194 Cal. Rptr. 216 (1st Dist. 1983)  In this case, Defendant cannot met this burden. Defendant, Breckenridge is a corporation established in 2016 to acquire distressed homes. The understanding and implementation of California Civil Code §2924m

-15-

conditions required to finalize a mere bid into a sale is expected.

Moreover, Defendant Breckenridge is a corporation that sets out to acquire property from financially devastated debtors, therefore, they must fully know and adhere to the process of acquiring such distressed properties. Unlike the unsophisticated debtors that they remove from their homes for financial gain, they can afford adequate legal counsel to advise and protect them.

More significantly, Breckenridge must know that given the situation of a bankruptcy filing, there are competing interests occurring which should alert them to investigate the sale. Feigning ignorance as an innocent buyer is insulting especially being made award of the filing of the bankruptcy and continuing to sell the home after the automatic stay went into effect.

Finally, in an attempt to prevent corporations from buying up homes, California demanded protections be put in place through SB 1079, so that creditors and corporations play fair in this tumultuous economy. As such, given the circumstances of this case, Defendant pleading ignorance as a bona fide purchasers is dubious at best.

**IV.  CONCLUSION**

WHEREFORE, Debtors pray that the Court deny this Motion for Summary Judgment.


Dated: December 31, 2024      Law Offices of Peter G. Macaluso

                              By:  */s/Peter G. Macaluso*
                                   Peter G. Macaluso
                                   Attorney for Plaintiff